UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-24594-CIV-MORENO

RAMONA KEMPER,

      Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security
Administration,

      Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on any dispositive matters. The Magistrate Judge filed a Report and Recommendation **(D.E. 26)** on **January 4, 2021.** The Court has reviewed the entire file and record, including the Plaintiff's objections to the Report and Recommendation **(D.E. 27)** and the Defendant's responses thereto **(D.E. 28)**. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. For the reasons that follow, the Court affirms and adopts Magistrate Judge Louis's Report and Recommendation and overrules the Plaintiff's objections.

### Plaintiff's Objections

    **I.**    **The Commissioner failed to properly assess the opinion evidence.**

In her first objection, the Plaintiff "maintains her interpretation of what constitutes a medical opinion despite the Magistrate's findings." As noted in the Report and Recommendation, § 404.1527(a)(1) defines medical opinions as "statements from acceptable medical sources that

reflect **judgments** about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(1) (emphasis added); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011)). Accordingly, to the extent that the Plaintiff challenges the Magistrate Judge's finding of what constitutes a medical opinion, this objection is overruled.

Moreover, the Court notes that the Magistrate Judge reviewed the documents that were "broadly define[d] as 'medical opinions'" by the Plaintiff and discussed how these records did not amount to medical opinions. (D.E. 26, at 16-19). In her objections, the Plaintiff does not cite to any records or include any argument as to how the Magistrate Judge erred in finding that a certain record did not include a medical opinion, as defined by § 404.1527(a)(1). Thus, to the extent that the Plaintiff objects to the Magistrate Judge's finding that the records did not amount to medical opinions, such an objection is overruled.

II. **The Commissioner's residual functional capacity ("RFC") finding is not supported by substantial record evidence.**

In her second objection, which implicates "Step 2" in the 5-step evaluation process for deciding whether a claimant is disabled, that is, whether she has a severe impairment or combination of impairments,[1] the Plaintiff objects to the Magistrate Judge's findings that the residual functional capacity was supported by substantial evidence. In the Report and Recommendation, the Magistrate Judge discussed, and cited to, the medical evidence relied on by

---

[1] As noted in the Report and Recommendation, "[r]egulations outline a five-step, sequential evaluation process [Administrative Law Judges] must use to determine whether a claimant is disabled: (1) whether [s]he is currently engaged in substantial gainful activity; (2) whether [s]he has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of a specified impairment in the Listing of Impairments; (4) whether [s]he can perform h[er] past relevant work despite h[er] impairments; and (5) whether [s]he can perform other work found in the national economy." *Brightmon v. Comm'r of Soc. Sec.*, 743 Fed. Appx. 347, 351 (11th Cir. 2018).

the Administrative Law Judge in determining that the Plaintiff's gastric issues did not prevent her from working. (D.E. 26, at 12-13). As to the Plaintiff's thyroid disorder, the Magistrate Judge noted that "[a]t the hearing, Plaintiff's counsel agreed that her thyroid condition should be considered as a mental impairment and Plaintiff testified that the removal of her thyroid caused her to feel depressed." *Id.* at 13. The Magistrate Judge then went on to find how any error by the Administrative Law Judge in not considering the Plaintiff's thyroid condition was harmless, *see Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853-854 (11th Cir. 2013), as "the [Administrative Law Judge] assessed Plaintiff's reported symptoms of depression when considering Plaintiff's mental impairments, any resulting limitations, and their impact on Plaintiff's [residual functional capacity]." *Id.* at 13-14. The Magistrate Judge discussed the evidence the Administrative Law Judge relied on in support of this determination. *Id.* at 14-15. Accordingly, for the reasons stated in the Magistrate Judge's well-reasoned report, this objection is overruled.

> **III.     The Commissioner failed to properly assess the Claimant's alleged symptoms and limitations.**

In her third and final objection, the Plaintiff appears to re-raise her arguments that her subjective complaints have been consistent from the time she applied for benefits to her testimony at the hearing and objects to the Magistrate Judge's articulation of the legal standard for this issue, "whether the [Administrative Law Judge's] finding that Plaintiff's complaints were not entirely credible is supported by substantial evidence," and the Magistrate Judge's finding that it was.

In the Report and Recommendation, the Magistrate Judge noted the three-part "pain standard" for evaluating subjective complaints, *see Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986), and how "[i]f the [Administrative Law Judge] decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so[,]" *see Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). "A clearly articulated credibility finding with

substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562. The Magistrate Judge then noted the substantial evidence that supported the Administrative Law Judge's determination here (D.E. 26, at 20-21). As such, to the extent that the Plaintiff maintains that the Magistrate Judge applied the incorrect standard, this objection is overruled.

Notwithstanding the purported evidence cited by the Plaintiff in support of her objections, as noted by the Magistrate Judge in the Report and Recommendation (D.E. 26, at 2-3) and the Defendant's response to the objections, "[e]ven if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

## Conclusion

Thus, for the foregoing reasons, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. The Plaintiff's objections to the Report and Recommendation are **OVERRULED.** Accordingly, it is

**ADJUDGED** that

1. The Plaintiff's Motion for Summary Judgment (D.E. 23) is **DENIED**.
2. The Defendant's Motion for Summary Judgment (D.E. 25) is **GRANTED**.
3. The Administrative Law Judge's decision is **AFFIRMED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th of February 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Lauren F. Louis
Counsel of Record